UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ASSOCIATION FOR MOLECULAR PATHOLOGY;
AMERICAN COLLEGE OF MEDICAL GENETICS;
AMERICAN SOCIETY FOR CLINICAL PATHOLOGY;
COLLEGE OF AMERICAN PATHOLOGISTS;
HAIG KAZAZIAN, MD; ARUPA GANGULY, PhD;
WENDY CHUNG, MD, PhD; HARRY OSTRER, MD;
DAVID LEDBETTER, PhD; STEPHEN WARREN, PhD;
ELLEN MATLOFF, M.S.; ELSA REICH, M.S.;
BREAST CANCER ACTION; BOSTON WOMEN'S
HEALTH BOOK COLLECTIVE; LISBETH CERIANI;
RUNI LIMARY; GENAE GIRARD; PATRICE FORTUNE;
VICKY THOMASON; KATHLEEN RAKER,

                       Plaintiffs,                   09 Civ. 4515 (RWS)

v.                                                        ECF Case

UNITED STATES PATENT AND TRADEMARK
OFFICE; MYRIAD GENETICS; LORRIS BETZ,        DECLARATION OF
ROGER BOYER, JACK BRITTAIN, ARNOLD B.       John R. Ball
COMBE, RAYMOND GESTELAND, JAMES U.
JENSEN, JOHN KENDALL MORRIS, THOMAS PARKS,
DAVID W. PERSHING, and MICHAEL K. YOUNG,
in their official capacity as Directors of the University
of Utah Research Foundation,

                       Defendants.
-------------------------------------------------------------------x

       I, John R. Ball, declare under penalty of perjury:

       1. I am the Executive Vice President of the American Society for Clinical Pathology (ASCP), one of the plaintiffs in this case.

       2. Founded in 1922, the plaintiff ASCP is the largest and oldest organization representing the medical specialty of pathology and laboratory medicine. The ASCP has 130,000 members working as pathologists and laboratory professionals. ASCP members design and interpret the tests that detect disease, predict outcome, and determine the

appropriate therapy for the patient. The ASCP is recognized for its excellence in continuing professional education, certification of laboratory professionals, and advocacy--championing causes at the state and federal levels. ASCP is a not-for-profit entity organized for scientific and educational purposes and dedicated to patient safety, public health, and the practice of pathology and laboratory medicine. ASCP sues on behalf of its members, some of whom are ready, willing, and able to engage in research and clinical practice involving the *BRCA1* and *BRCA2* genes if the patents are invalidated.

3. ASCP has brought this case on behalf of its members some of whom are ready, willing, and able to engage in research and clinical practice involving the *BRCA1* and *BRCA2* genes if the patents are invalidated. One or more ASCP members are submitting separate declarations concerning their ability to engage in research and clinical practice now prohibited by the patents.

4. This case seeks to invalidate broad gene patents such as those listed in the Complaint. That interest is germane to the purposes of ASCP. One of ASCP's purposes is to enable its members to advance human understanding of genes. The patent impedes that purpose. Another purpose of ASCP is to ensure that the patients for whom our members are responsible receive high quality, accurate tests when necessary. The patent impedes that purpose.

5. ASCP has issued statements concerning gene patents and sees its involvement in this case as a core part of its mission. See e.g. http://www.ascp.org/aclu.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States, that the foregoing is true and correct to the best of my knowledge and belief.

                                       *John R. Ball*
                                       John R. Ball

Executed on **August 12**, 2009