UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ASSOCIATION FOR MOLECULAR PATHOLOGY;
AMERICAN COLLEGE OF MEDICAL GENETICS;
AMERICAN SOCIETY FOR CLINICAL PATHOLOGY;
COLLEGE OF AMERICAN PATHOLOGISTS;
HAIG KAZAZIAN, MD; ARUPA GANGULY, PhD;
WENDY CHUNG, MD, PhD; HARRY OSTRER, MD;
DAVID LEDBETTER, PhD; STEPHEN WARREN, PhD;
ELLEN MATLOFF, M.S.; ELSA REICH, M.S.;
BREAST CANCER ACTION; BOSTON WOMEN'S
HEALTH BOOK COLLECTIVE; LISBETH CERIANI;
RUNI LIMARY; GENAE GIRARD; PATRICE FORTUNE;
VICKY THOMASON; KATHLEEN RAKER,

                 Plaintiffs,                   09 Civ. 4515 (RWS)

v.                                                                     ECF Case

UNITED STATES PATENT AND TRADEMARK
OFFICE; MYRIAD GENETICS; LORRIS BETZ,         DECLARATION OF
ROGER BOYER, JACK BRITTAIN, ARNOLD B.           JOHN SCOTT
COMBE, RAYMOND GESTELAND, JAMES U.
JENSEN, JOHN KENDALL MORRIS, THOMAS PARKS,
DAVID W. PERSHING, and MICHAEL K. YOUNG,
in their official capacity as Directors of the University
of Utah Research Foundation,

                 Defendants.
----------------------------------------------------------------x

      I, John Scott, declare under penalty of perjury:

      1. I am the Vice President, Advocacy of the College of American pathologists (CAP), one of the plaintiffs in this case.

      2. CAP is a national medical society representing more than 17,000 pathologists who practice anatomic pathology and laboratory medicine in laboratories worldwide. The College's Commission on Laboratory Accreditation is responsible for accrediting more than 6,000 laboratories domestically and abroad and approximately 23,000

laboratories are enrolled in CAP's proficiency testing programs. It is the world's largest association composed exclusively of board-certified pathologists and pathologists in training worldwide and is widely considered the leader in laboratory quality assurance. The CAP is an advocate for high-quality and cost-effective medical care. CAP sues on behalf of its members, some of whom are ready, willing, and able to engage in research and clinical practice involving the *BRCA1* and *BRCA2* genes if the patents are invalidated.

3. CAP has brought this case on behalf of its members some of whom are ready, willing, and able to engage in research and clinical practice involving the *BRCA1* and *BRCA2* genes if the patents are invalidated. One or more CAP members are submitting separate declarations concerning their ability to engage in research and clinical practice now prohibited by the patents.

4. This case seeks to invalidate broad gene patents such as those listed in the Complaint. That interest is germane to the purposes of CAP. One of CAP's purposes is to enable its members to advance human understanding of genes. The patent impedes that purpose. Another purpose of CAP is to ensure that the patients for whom our members are responsible receive high quality, accurate tests when necessary. The patent impedes that purpose.

5. CAP has issued statements concerning gene patents and sees its involvement in this case as a core part of its mission. See e.g. http://www.cap.org/apps/cap.portal?_nfpb=true&cntvwrPtlt_actionOverride=%2Fportlets%2FcontentViewer%2Fshow&_windowLabel=cntvwrPtlt&cntvwrPtlt%7BactionForm.c

ontentReference%7D=policies%2Fpolicy_appU.htm&_state=maximized&_pageLabel=cntvwr (visited Aug. 3, 2009)

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States, that the foregoing is true and correct to the best of my knowledge and belief.

                                                                 */s/ John Scott*
                                                                 John Scott

Executed on May 11, 2009