UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ASSOCIATION FOR MOLECULAR PATHOLOGY;
AMERICAN COLLEGE OF MEDICAL GENETICS;
AMERICAN SOCIETY FOR CLINICAL PATHOLOGY;
COLLEGE OF AMERICAN PATHOLOGISTS;
HAIG KAZAZIAN, MD; ARUPA GANGULY, PhD;
WENDY CHUNG, MD, PhD; HARRY OSTRER, MD;
DAVID LEDBETTER, PhD; STEPHEN WARREN, PhD;
ELLEN MATLOFF, M.S.; ELSA REICH, M.S.;
BREAST CANCER ACTION; BOSTON WOMEN'S
HEALTH BOOK COLLECTIVE; LISBETH CERIANI;
RUNI LIMARY; GENAE GIRARD; PATRICE FORTUNE;       09 Civ. 4515 (RWS)
VICKY THOMASON; KATHLEEN RAKER,

               Plaintiffs,

                                      ECF Case

               v.

UNITED STATES PATENT AND TRADEMARK             DECLARATION OF
OFFICE; MYRIAD GENETICS; LORRIS BETZ,          JEFFREY A. KANT, MD,
ROGER BOYER, JACK BRITTAIN, ARNOLD B.           PhD
COMBE, RAYMOND GESTELAND, JAMES U.
JENSEN, JOHN KENDALL MORRIS, THOMAS PARKS,
DAVID W. PERSHING, and MICHAEL K. YOUNG,
in their official capacity as Directors of the University
of Utah Research Foundation,

             Defendants.
-----------------------------------------------------------------------x

    I, Jeffrey A. Kant, declare under penalty of perjury:

    1.    I am Director of the Division of Molecular Diagnostics in the Department of Pathology at the University of Pittsburgh Medical Center. I am also a Professor of Pathology and Human Genetics at the University of Pittsburgh.

    2.    I am a member of plaintiff organizations College of American Pathologists (CAP) and the Association for Molecular Pathology (AMP). I am submitting this declaration as a member of those organizations.

3. I have published and spoken widely on the subject of genetics. A complete copy of my curriculum vitae is attached.

4. As part of my responsibilities, I supervise a clinical laboratory that currently analyzes human genes. In 1997 or 1998, I was asked by clinicians and investigators working in the University of Pittsburgh Cancer Center[ if my laboratory would analyze the full BRCA1 and BRCA2 genes, the genes at issue in this case, on patient samples. I declined to do so because I knew that if I did that, I would risk an action by defendant Myriad over their patents. I was aware of Myriad's patents and that Myriad had threatened other laboratories for doing BRCA1 and BRCA2 analyses.

5. My laboratory is experienced sequencing genes for inherited diseases as well as the analysis of such results. We currently test 9 genes including 5 related to hereditary predisposition for cancer. We also perform bacterial and viral identification by DNA sequence analysis.

6. The lab that I supervise currently has the personnel, equipment, and expertise to sequence genes including the BRCA1 and BRCA2 genes. If Myriad's BRCA patents were invalidated, I would immediately consider doing full gene testing for the BRCA1 and BRCA2 genes in my laboratory. The only thing preventing me from such BRCA testing in my lab is the assertion of the BRCA related patents by Myriad and I have the earnest desire to immediately consider doing so.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States, that the foregoing is true and correct to the best of my knowledge and belief.

Executed 08/17, 2009            Jeffrey A. Kant, MD, PhD

2