UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------x
ASSOCIATION FOR MOLECULAR PATHOLOGY;
AMERICAN COLLEGE OF MEDICAL GENETICS;
AMERICAN SOCIETY FOR CLINICAL PATHOLOGY;
COLLEGE OF AMERICAN PATHOLOGISTS;
HAIG KAZAZIAN, MD; ARUPA GANGULY, PhD;
WENDY CHUNG, MD, PhD; HARRY OSTRER, MD;
DAVID LEDBETTER, PhD; STEPHEN WARREN, PhD;
ELLEN MATLOFF, M.S.; ELSA REICH, M.S.;
BREAST CANCER ACTION; BOSTON WOMEN'S
HEALTH BOOK COLLECTIVE; LISBETH CERIANI;
RUNI LIMARY; GENAE GIRARD; PATRICE FORTUNE;          09 Civ. 4515 (RWS)
VICKY THOMASON; KATHLEEN RAKER,

                Plaintiffs,                              ECF Case

               v.

UNITED STATES PATENT AND TRADEMARK
OFFICE; MYRIAD GENETICS; LORRIS BETZ,
ROGER BOYER, JACK BRITTAIN, ARNOLD B.
COMBE, RAYMOND GESTELAND, JAMES U.
JENSEN, JOHN KENDALL MORRIS, THOMAS PARKS,
DAVID W. PERSHING, and MICHAEL K. YOUNG,
in their official capacity as Directors of the University
of Utah Research Foundation,

                Defendants.
----------------------------------------------------------------------------x

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO CONDUCT JURISDICTIONAL DISCOVERY

Daniel B. Ravicher (DR1498)                    Christopher A. Hansen (CH6776)
Public Patent Foundation (PUBPAT)              Aden Fine (AF5241)
Benjamin N. Cardozo School of Law              Lenora M. Lapidus (LL6592)
55 Fifth Ave., Suite 928                       Sandra S. Park (SP6817)
New York, NY 10003                             American Civil Liberties Union Foundation
(212) 790-0442                                 125 Broad Street – 18th Floor
                                               New York, NY 10004
                                               (212) 549-2606

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ...........................................................................................................1

ARGUMENT ...................................................................................................................2

    I.       Plaintiffs Have Made A Sufficient Showing To Warrant Jurisdictional Discovery ...........................................................................................................2

    II.      The Requested Discovery Will Enable Plaintiffs To Obtain Additional Evidence To Establish Further Their Standing And Personal Jurisdiction Over The Directors ............................................................................................4

CONCLUSION ................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Aerotel, Ltd. v. Sprint Corp.*,
    100 F. Supp. 2d 189 (S.D.N.Y. 2000)..................................................................6

*Agrashell, Inc. v. Bernard Sirotta Co.*,
    344 F.2d 583 (2d Cir. 1965)..............................................................................5, 6

*Allojet PLC v. Vantage Assocs.*,
    No. 04-CV-5223, 2005 WL 612848 (S.D.N.Y. Mar. 15, 2005) ....................2, 3, 7

*APWU v. Potter*,
    343 F.3d 619 (2d Cir. 2003)..................................................................................2

*BHP Trading (UK) Ltd. v. Deep Sea Int'l Shipping Co.*,
    No. 90 Civ. 2231, 1991 WL 198747 (S.D.N.Y. Sept. 23, 1991) ............................2

*Burchette v. Abercrombie & Fitch Stores, Inc.*,
    No. 08 Civ. 8786, 2009 WL 856682 (S.D.N.Y. Mar. 30, 2009) ............................3

*Filus v. Lot Polish Airlines*,
    907 F. 2d 1328 (2d Cir. 1990).................................................................................3

*Gear, Inc. v. L.A. Gear California, Inc.*,
    637 F. Supp. 1323 (S.D.N.Y. 1986).......................................................................6

*Koehler v. Bank of Bermuda*,
    101 F.3d 863 (2d Cir. 1996)...................................................................................6

*In re Magnetic Audiotape Antitrust Litig.*,
    334 F.3d 204 (2d Cir. 2003)...................................................................................7

*Manhattan Life Ins. Co. v. A.J. Stratton Syndicate*,
    731 F. Supp. 587 (S.D.N.Y. 1990).........................................................................2

*Stratagem Dev. Corp. v. Heron Int'l N.V.*,
    153 F.R.D. 535 (S.D.N.Y. 1994) ......................................................................2, 3

*Texas Int'l Magnetics, Inc. v. BASF Aktiengesellschaft*,
    31 Fed.Appx. 738 (2d Cir. 2002)...........................................................................6

*Winston & Strawn v. Dong Won Secs. Co. Ltd.*,
    No. 02 Civ. 0183, 2002 WL 31444625 (S.D.N.Y. Nov.1, 2002) ...................3, 5, 6

*Ex parte Young*,
 209 U.S. 123 (1908) ............................................................................................1

**INTRODUCTION**

This lawsuit challenges the legality and constitutionality of patent claims on the human genes associated with an increased risk of breast and ovarian cancer. Defendant Myriad Genetics ("Myriad") is the exclusive licensee for these patents. The University of Utah Research Foundation ("UURF") is one of the owners of these patents. To pursue their claims against UURF, Plaintiffs sued the Directors of UURF in their official capacities pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

Myriad and the Directors have moved to dismiss the Complaint on the grounds that (1) Plaintiffs do not have standing to bring a declaratory relief patent invalidity action and (2) the Court does not have personal jurisdiction over the individual Directors. As Plaintiffs explain in detail in their Opposition to that motion, Defendants' motion should be denied because Plaintiffs have provided sufficient allegations and evidence to demonstrate that they have standing and that there is both general and specific jurisdiction over the official capacity defendant Directors. *See* Plaintiffs' Memorandum of Law In Opposition To Defendants Myriad and UURF Directors' Motion to Dismiss ("Pl. Opp. Mem.").

Because discovery has not yet been conducted, Plaintiffs' Opposition is based solely on their own interactions with Defendants and on publicly available information. If any doubt remains after consideration of Plaintiffs' Opposition and Defendants' Reply thereto, Plaintiffs respectfully request that the Court grant Plaintiffs leave to conduct jurisdictional discovery on the issues of standing and personal jurisdiction before the Court decides Defendants' Motion to Dismiss. This Memorandum is submitted in support of that Motion. Because Plaintiffs have made at least a "sufficient start" to demonstrate standing and personal jurisdiction and have provided reasonable grounds for the Court to exercise jurisdiction over this case, Plaintiffs

1

should, if necessary, be granted leave to conduct limited discovery to obtain further information sufficient to establish that this case is properly before this Court.

## ARGUMENT

### I. PLAINTIFFS HAVE MADE A SUFFICIENT SHOWING TO WARRANT JURISDICTIONAL DISCOVERY.

"[A] court should take care to 'give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction.'" *APWU v. Potter,* 343 F.3d 619, 627 (2d Cir.2003) (citation omitted). Although a prima facie showing of jurisdiction must be made to withstand a motion to dismiss for lack of jurisdiction, the caselaw makes clear that Plaintiffs are entitled to conduct jurisdictional discovery even without such a showing if Plaintiffs have made a "sufficient start" toward establishing jurisdiction and have shown that their position "is not frivolous." *See, e.g., Allojet PLC v. Vantage Assocs.,* No. 04-CV-5223, 2005 WL 612848, at *7 (S.D.N.Y. Mar. 15, 2005) (permitting discovery because plaintiff "has made a sufficient start toward establishing that there is general jurisdiction and has shown a reasonable basis for the Court to assume jurisdiction"); *Stratagem Dev. Corp. v. Heron Int'l N.V.,* 153 F.R.D. 535, 547-48 (S.D.N.Y. 1994) (granting discovery and stating that "the Court has discretion to order further discovery on the jurisdictional issue, provided that plaintiffs make a threshold showing of jurisdiction and establish that their position is not frivolous"); *BHP Trading (UK) Ltd. v. Deep Sea Int'l Shipping Co.,* No. 90 Civ. 2231, 1991 WL 198747, at *5 (S.D.N.Y. Sept. 23, 1991) (permitting discovery and stating that, "To be permitted [jurisdictional] discovery plaintiff need not have made a prima facie showing, but at the very least must have made a sufficient start and shown its position to be non-frivolous"); *Manhattan Life Ins. Co. v. A.J. Stratton Syndicate*, 731 F. Supp. 587, 593 (S.D.N.Y. 1990) (holding that jurisdictional discovery is appropriate where plaintiffs "have made a sufficient start and shown their position to be non-frivolous"). *See also*

*Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990) ("[G]enerally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue; but until she has shown a reasonable basis for assuming jurisdiction, she is not entitled to any other discovery.").

Plaintiffs have clearly made at least a sufficient start to establishing why the Court has standing and jurisdiction over the Directors. *See* Pl. Opp. Mem. and accompanying Declarations. At a minimum, Plaintiffs have provided a non-frivolous basis for reaching those conclusions. Plaintiffs' Opposition to Defendants' Motion to Dismiss presents a plethora of reasons – all supported by the facts and the caselaw – why Plaintiffs have standing and why the Court has jurisdiction over the Directors. In these circumstances, limited discovery should be granted to Plaintiffs, if necessary, before the Court further considers Defendants' Motion to Dismiss. *See, e.g., Burchette v. Abercrombie & Fitch Stores, Inc.*, No. 08 Civ. 8786, 2009 WL 856682, at *5 (S.D.N.Y. Mar. 30, 2009) (permitting discovery regarding defendant's forum contacts even though none of plaintiff's claims appeared to arise out of defendant's contacts); *Stratagem,* 153 F.R.D. at 547-48 (granting discovery to plaintiffs even though they had not made a prima facie showing of jurisdiction because "they have made a sufficient start toward establishing personal jurisdiction"); *Allojet*, 2005 WL 612848, at *7 (same); *Winston & Strawn v. Dong Won Secs. Co. Ltd.,* No. 02 Civ. 0183, 2002 WL 31444625, at *5 (S.D.N.Y. Nov.1, 2002) (Sweet, J.) (denying motion to dismiss with leave to refile and permitting discovery, noting that "[a] court may allow discovery to aid in determining whether it has *in personam* or subject matter jurisdiction").

## II. THE REQUESTED DISCOVERY WILL ENABLE PLAINTIFFS TO OBTAIN ADDITIONAL EVIDENCE TO ESTABLISH FURTHER THEIR STANDING AND PERSONAL JURISDICTION OVER THE DIRECTORS.

Permitting Plaintiffs to conduct limited discovery will enable Plaintiffs to obtain additional information that will further establish Plaintiffs' standing and personal jurisdiction over the Directors.

With respect to standing, Plaintiffs request leave to conduct discovery directed at, among other things, Defendants' actual and threatened enforcement of the patents at issue in this lawsuit. Plaintiffs have each submitted a declaration providing detailed factual bases for why they have standing to ask the Court to declare the patents invalid and are not simply seeking an advisory opinion, as Defendants contend. Defendants' principal argument is that there is no evidence demonstrating that Defendants have taken actions sufficient to make Plaintiffs believe that Defendants would enforce the patents against them. This conclusory assertion is not sufficient to merit the dismissal of Plaintiffs' statutory and constitutional claims concerning the invalidity of these patents restricting critical research and treatment methods for breast and ovarian cancer. Relying solely on their own personal experiences and on publicly available information about Defendants' past enforcement activities, Plaintiffs have presented sufficient facts in opposition to the motion to establish why they believe Defendants would assert the patents against them if they conducted the research, clinical work, counseling and other activities that they would like to undertake. *See* Pl. Opp. Mem. and accompanying Declarations. Evidence from Defendants regarding Defendants' actual and threatened enforcement of the patents – against Plaintiffs and others – is obviously relevant to this inquiry and would provide Plaintiffs with additional evidence to support standing. For example, information regarding how many times Defendants have actually taken steps – through cease-and-desist letters, telephone

4

calls, in-person meetings and the like – to enforce their patents, against whom these actions have been taken, when and where these actions have been taken, and what the allegedly infringing conduct was that led to these actions, is directly relevant to Plaintiffs' standing and would enable the Court to reach a decision based on a complete record. This evidence is almost all exclusively in Defendants' possession, and Defendants should not be permitted to avoid the very discovery necessary to belie their conclusory assertion that Plaintiffs have nothing to fear. *See, e.g., Agrashell, Inc. v. Bernard Sirotta Co.*, 344 F.2d 583, 589 (2d Cir. 1965) (granting discovery even though sufficient showing was not made to justify denial of motion to dismiss, because "Sirotta did present evidence of sufficient weight to warrant further inquiry, particularly into those facts peculiarly within Hammons's knowledge which were not disclosed by its very sketchy affidavits," and stating that jurisdictional issues "are fully as deserving of thorough factual exposition as issues related to the merits of a claim, for jurisdictional decisions may also determine substantial rights"); *Winston & Strawn*, 2002 WL 31444625, at *5 (denying motion to dismiss and stating that "[p]re-motion discovery should be permitted where the facts necessary to establish personal jurisdiction and propriety of venue lie exclusively within the defendant's knowledge").

Information regarding Defendants' enforcement activities would also be relevant to the personal jurisdiction issue, as it is quite possible that Defendants have conducted additional enforcement activities in New York beyond those against Plaintiffs directly. Discovery on other issues relevant to personal jurisdiction should also be granted to Plaintiffs. For example, Plaintiffs also seek leave to conduct discovery concerning the terms of the exclusive license agreement between Myriad and UURF. As explained in detail in Plaintiffs' Opposition, publicly available information demonstrates that this agreement creates jurisdiction over the Directors as

5

a matter of law because it creates continuing obligations for UURF and the Directors. Pl. Opp. Mem. at 21-24. Discovery regarding the precise terms and conditions of the exclusive license agreement – facts which are solely in Defendants' control – would indisputably lead to the discovery of additional evidence to demonstrate UURF's continuing obligations under the license agreement and, thus, personal jurisdiction over the Directors. *Agrashell*, 344 F.2d at 589; *Winston & Strawn*, 2002 WL 31444625, at *5.

Plaintiffs also seek discovery concerning Myriad's assignment of its interest in the patents to UURF in April 2006 and the parties' subsequent entry into an exclusive license agreement giving the patent rights back to Myriad. That discovery would enable Plaintiffs to provide a more developed factual showing to demonstrate further why exercising jurisdiction is independently appropriate to prevent Myriad and the University of Utah from circumventing jurisdiction in courts outside Utah by giving the patents to UURF. *See, e.g., Texas Int'l Magnetics, Inc. v. BASF Aktiengesellschaft,* 31 Fed.Appx. 738, 739 (2d Cir. 2002) (holding that plaintiffs were "entitled to jurisdictional discovery in order to develop the factual record requisite for such a showing," where the precise relationship between various entities was at issue); *Koehler v. Bank of Bermuda, Ltd.,* 101 F.3d 863, 866-67 (2d Cir. 1996) (remanding case to district court to determine if discovery was necessary, because since personal jurisdiction "turns on a thorough examination of the facts defining the relationship between the two corporations, we are reluctant to rely on what may turn out to be an incomplete record"); *Aerotel, Ltd. v. Sprint Corp.,* 100 F. Supp. 2d 189, 194 (S.D.N.Y. 2000) (granting discovery to ascertain the precise interrelatedness between entities, even though plaintiffs' jurisdictional allegation was conclusory); *Gear, Inc. v. L.A. Gear California, Inc.,* 637 F. Supp. 1323, 1328-29 & n.7 (S.D.N.Y. 1986) (granting discovery and denying motion to dismiss without prejudice to

renewal, where the "actual relationship among the defendants [is] something of a mystery," the "facts regarding the relationships among the defendants are within their particular knowledge," and "any possible prejudice to [the non-resident defendant] by permitting further discovery on this issue is considerably diminished by the fact that it shares counsel with the other defendants").

Plaintiffs also seek limited discovery regarding the University of Utah and UURF's contacts with the State of New York. Plaintiffs have already provided evidence – gleaned from publicly available information – that general jurisdiction exists in New York over these state entities. Pl. Opp. Mem. at 19-20. Additional, but not publicly known, contacts between the University and UURF and New York undoubtedly exist. For example, it is highly likely that there are contracts between the University and residents of New York; it is even possible that license agreements have been entered into between UURF and New York residents concerning the University's numerous patents. As another example, it is very likely that the University's employees travel to and conduct business in New York on a regular basis, such as attending conferences, meetings, recruitment fairs, negotiations with book publishers, and the like. As these examples demonstrate, providing Plaintiffs with the opportunity to conduct discovery to determine the full extent of the University and UURF's contacts with New York will enable Plaintiffs to supplement their already abundant showing regarding general jurisdiction. This discovery should, thus, be permitted so that Plaintiffs are given a fair opportunity to demonstrate that the University and UURF – and, by extension, the official capacity Directors – are subject to general jurisdiction. *See, e.g., In re Magnetic Audiotape Antitrust Litig.,* 334 F.3d 204, 207-08 (2d Cir. 2003) (reversing jurisdictional dismissal as "improper" and "premature" prior to allowing discovery, and stating that discovery was necessary because, in part, the analysis at

issue was "very fact-specific"); *Allojet*, 2005 WL 612848, *7 (permitting discovery on general jurisdiction issues, even though plaintiffs had failed to make a prima facie showing of general jurisdiction under C.P.L.R. § 301).

## CONCLUSION

Plaintiffs have, at a minimum, made a sufficient start to demonstrate that this case is properly before this Court. Because discovery on standing and personal jurisdiction will enable Plaintiffs to obtain additional information to demonstrate their standing and personal jurisdiction over the Directors even further, the Court should, if necessary, permit Plaintiffs to conduct this discovery.

Dated: August 26, 2009

Respectfully submitted,

/s/ Christopher A. Hansen
Christopher A. Hansen (CH 6776)
Aden Fine (AF 5241)
American Civil Liberties Union Foundation
125 Broad Street – 18th floor
New York, NY 10004
212-549-2606
chansen@aclu.org
afine@aclu.org

Lenora M. Lapidus (LL6592)
Sandra S. Park (SP6817)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street – 18th floor
New York, NY 10004
212-549-2668
llapidus@aclu.org
spark@aclu.org

Daniel B. Ravicher (DR1498)
Public Patent Foundation (PUBPAT)

Benjamin N. Cardozo School of Law
55 Fifth Ave., Suite 928
New York, NY 10003
(212) 790-0442
ravicher@pubpat.org