UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ASSOCIATION FOR MOLECULAR PATHOLOGY;
AMERICAN COLLEGE OF MEDICAL GENETICS;
AMERICAN SOCIETY FOR CLINICAL PATHOLOGY;
COLLEGE OF AMERICAN PATHOLOGISTS;
HAIG KAZAZIAN, MD; ARUPA GANGULY, PhD;
WENDY CHUNG, MD, PhD; HARRY OSTRER, MD;
DAVID LEDBETTER, PhD; STEPHEN WARREN, PhD;
ELLEN MATLOFF, M.S.; ELSA REICH, M.S.;
BREAST CANCER ACTION; BOSTON WOMEN'S
HEALTH BOOK COLLECTIVE; LISBETH CERIANI;
RUNI LIMARY; GENAE GIRARD; PATRICE FORTUNE;
VICKY THOMASON; KATHLEEN RAKER,

       Plaintiffs,      09 Civ. 4515 (RWS)

v.               ECF Case

UNITED STATES PATENT AND TRADEMARK
OFFICE; MYRIAD GENETICS; LORRIS BETZ,  DECLARATION OF
ROGER BOYER, JACK BRITTAIN, ARNOLD B.  Michael S. Watson, PhD
COMBE, RAYMOND GESTELAND, JAMES U.   Executive Director, ACMG
JENSEN, JOHN KENDALL MORRIS, THOMAS
PARKS, DAVID W. PERSHING, and MICHAEL K.
YOUNG, in their official capacity as Directors of the
University of Utah Research Foundation,

       Defendants.
-----------------------------------------------------------------------x

  I, Michael S. Watson, declare under penalty of perjury:

  1. I am the Executive Director of the American College of Medical Genetics (ACMG), one of the plaintiffs in this case.

  2. ACMG is a private, non-profit voluntary organization of clinical and laboratory geneticists. The Fellows of the ACMG are doctoral level medical geneticists and other physicians involved in the practice of medical genetics. With more than 1300

members, the ACMG's mission is to improve health through the practice of Medical Genetics. In order to fulfill this mission, the ACMG strives to 1) define and promote excellence in medical genetics practice and the integration of translational research into practice; 2) promote and provide medical genetics education; 3) increase access to medical genetics services and integrate genetics into patient care; and 4) advocate for and represent providers of medical genetics services and their patients.

3. ACMG has brought this case on behalf of its members some of whom are ready, willing, and able to engage in research and clinical practice involving the *BRCA*1 and *BRCA*2 genes if the patents are invalidated. One or more ACMG members are submitting separate declarations concerning their ability to engage in research and clinical practice now prohibited by the patents.

4. This case seeks to invalidate broad gene patents such as those listed in the Complaint. As the recitation of our purposes in paragraph 2 indicate, that interest is germane to the purposes of ACMG. One of ACMG's purposes is to enable its members to advance human understanding of genes. The patent impedes that purpose. Another purpose of ACMG is to ensure that the patients for whom our members are responsible receive high quality, accurate tests when necessary. The patent impedes that purpose.

5. Over the years, ACMG has issued or signed statements concerning gene patents as a regular part of its mission. See e.g. http://www.acmg.net/StaticContent/StaticPages/Gene_Patents.pdf (visited August 3, 2009).

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States, that the foregoing is true and correct to the best of my knowledge and belief.

*Michael S. Watson*
Michael S. Watson

Executive Director, ACMG

Executed on __August 18, 2009