**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

ASSOCIATION FOR MOLECULAR PATHOLOGY;
AMERICAN COLLEGE OF MEDICAL GENETICS;
AMERICAN SOCIETY FOR CLINICAL PATHOLOGY;
COLLEGE OF AMERICAN PATHOLOGISTS; HAIG
KAZAZIAN, MD; ARUPA GANGULY, PhD; WENDY
CHUNG, MD, PhD; HARRY OSTRER, MD; DAVID
LEDBETTER, PhD; STEPHEN WARREN, PhD;ELLEN
MATLOFF, M.S.; ELSA REICH, M.S.; BREAST CANCER
ACTION; BOSTON WOMEN'S HEALTH BOOK
COLLECTIVE; LISBETH CERIANI; RUNI LIMARY;
GENAE GIRARD; PATRICE FORTUNE; VICKY
THOMASON; KATHLEEN RAKER,

                      Plaintiffs,

v.

UNITED STATES PATENT AND TRADEMARK
OFFICE; MYRIAD GENETICS; LORRIS BETZ, ROGER
BOYER, JACK BRITTAIN, ARNOLD B. COMBE,
RAYMOND GESTELAND, JAMES U. JENSEN, JOHN
KENDALL MORRIS, THOMAS PARKS, DAVID W.
PERSHING, and MICHAEL K. YOUNG, in their official
capacity as Directors of the University of Utah Research
Foundation,

                      Defendants.

09 Civ. 4515 (RWS)

ECF

**REPLY MEMORANDUM IN
FURTHER SUPPORT OF
ROSETTA GEONMIC'S ET
AL. MOTION TO
PARTICIPATE AS AMICUS
CURIAE**

---

Rosetta Genomics *et al*. ("Rosetta Genomics") hereby responds to Plaintiffs' opposition

to Rosetta Genomics' motion requesting permission to participate in this case as *amicus curiae*.

Plaintiffs contend that Rosetta Genomics' motion should be denied because: (1) there is reason to

doubt the expertise of the declarant supporting the motion; (2) the expert declarant opines on

legal issues and submits facts which are either duplicative (and supposedly "unnecessary and

unhelpful") or new (and therefore inappropriate in *amici*); and (3) the motion is untimely because

WASH_6671868.3
WASH_6717060.1

it was filed twenty days after the brief by the party whose position is being supported. These assertions are simply incorrect and unsupported.

Foremost, even a quick review of Dr. Petricoin's *curriculum vitae* (attached as Ex. 1 to the accompanying declaration of Dr. Petricoin) would demonstrate that he is more than qualified to opine on the scientific issues presented in this case. Dr. Petricoin is a Professor in the College of Science and Co-Director at the Center for Applied Proteomics and Molecular Medicine at George Mason University, and has won numerous awards for his contribution to the scientific community.

Furthermore, as outlined in Dr. Petricoin's declaration ("Petricoin Decl."), Dr. Petricoin was asked to provide an opinion as to whether the description of the technology, as claimed in the Myriad Genetics' patents and implicated here, is accurately described by Plaintiffs and Plaintiffs' scientific experts. Petricoin Decl. ¶10. And while Dr. Petricoin does have an understanding of the patent process (he is an inventor on numerous U.S. and foreign patents and patent applications), he does not opine on any legal issues in his declaration. In fact, Dr. Petricoin only challenges Plaintiffs' technical misunderstanding based on his relevant expertise and in light of the plain meaning of certain scientific terms, as understood by those skilled in the art and explicit teachings in the Myriad patents.

In addition, the information presented in the declaration is generally known in the art and further helps the Court understand the science in this case. As such, the declaration does not harm or prejudice the Plaintiffs.

But even if the Court is not inclined to consider the declaration, the Court should at least carefully consider the amicus brief itself. The Rosetta Genomics brief does in fact present a position that is unique to universities. Because universities are greatly impacted by the outcome

WASH_6671868.3
WASH_6717060.1

of this case, the Rosetta Genomics brief presents a perspective that should be considered when reflecting on the issues in this litigation. And if the Court has not seen some of the information in the Rosetta Genomics brief previously, that is even a greater reason to review the brief, as it is paramount that the Court be well-informed when deciding the issues presented by the parties.

With regard to Plaintiffs' third contention, there are no rules that govern timing for filing a brief for *amici curiae* in the Southern District of New York. Plaintiffs even admit as such, and state that their timeliness argument is not based on any specific rules in this district. Certainly, what is "conventionally" done should not be the basis for denying a motion to participate as *amicus curiae*.

Moreover, the brief for *amici curiae* filed by BayBio *et al.* on Wednesday, January 6, 2010, was also filed after "conventional" practice but was not opposed. The Rosetta Genomics brief was filed on the following Monday, *i.e.*, only three business days later. Certainly, the Rosetta Genomics filing would not have all of a sudden raised such a timeliness issue (were it a valid one), especially because Plaintiffs still have approximately ten days to respond.

Accordingly, Rosetta Genomics' motion should be granted.

FOLEY & LARDNER LLP

By: /s/ Robert A. Scher

Robert A. Scher
90 Park Avenue
New York, NY 10016-1314
(212) 338-3405
rscher@foley.com

-and-

Richard Peet, Ph.D., J.D.
Jacqueline Wright Bonilla, Ph.D., J.D.

3

Sean Tu, Ph.D., J.D.
Kristel Schorr, Ph.D., J.D.
Benjamin Berkowitz, Ph.D., J.D.
Foley & Lardner LLP
3000 K St, N.W. Suite 600
Washington DC 20007
rpeet@foley.com
jwrightbonilla@foley.com

*Counsel of Record for Amici Curiae, Rosetta Genomics, Ltd., Rosetta Genomics, Inc., and George Mason University*

January 15, 2010

WASH_6671868.3
WASH_6717060.1